IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMMANUEL POLINGA,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, MCCOOK DETENTION CENTER, et al.,<br><br>Respondents. | 8:26-CV-435<br><br>MEMORANDUM AND ORDER |

The petitioner has filed what he styles as a petition for writ of habeas corpus, seeking immediate release from the custody of U.S. Immigration and Customs Enforcement at the McCook Detention Center in McCook, Nebraska. Filing 1; *see also* filing 11; filing 12. The Court will deny the petition.

## BACKGROUND

The petitioner is a citizen of Uganda who entered the United States in 2007 on a student visa. Filing 9 at 3. His student visa was terminated in 2009 when he failed to enroll at Metropolitan Community College in Omaha. Filing 9 at 4; filing 9-5. He was arrested on February 19, 2026 in Des Moines, Iowa, on probation violations and the Polk County Jail notified immigration authorities. Filing 9 at 4. ICE issued a detainer, and the petitioner was released to ICE custody on March 5. Filing 9 at 4; filing 9-2. He was detained pursuant to 8 U.S.C. § 1226(a) and placed in removal proceedings. Filing 9 at 4; filing 9-1. On May 20, 2026, he requested a custody redetermination hearing. Filing 9 at 4. The immigration judge held a bond hearing pursuant to § 1226(a) but denied bond, finding the petitioner was a danger to the community and a flight risk. Filing 9 at 4; filing 9-3. The petitioner did not appeal. Filing 9 at 4.

On May 22, 2026, the petitioner filed an application for protection under the Violence Against Women Act (VAWA) claiming to be the spouse of an abusive U.S. citizen or lawful U.S. resident. Filing 9 at 4. On June 23, an immigration judge denied the petitioner's application for cancellation of removal under VAWA and ordered the petitioner removed from the United States. Filing 9 at 4; filing 9-4. The petitioner appealed on July 17 and that appeal remains pending. Filing 9 at 4. And on July 22 the petitioner's application for VAWA protection was denied. Filing 9 at 4; filing 9-7.

DISCUSSION

The petitioner's initial pleading, and various "supplements" to that pleading, present the Court with over 200 pages of disorganized claims and arguments.[1] The petition challenges "Bond denial, Order of removal in regards to detention, USCIS illegal readjudication." Filing 1 at 2. But he also asks the Court, in an "amendment" to his petition, to "assume jurisdiction over release and VAWA USCIS petition." Filing 11 at 6.

The petition refers to the Administrative Procedure Act and the due process clause. Filing 1 at 7. The petitioner's primary claim seems to be that he's a member of the plaintiff class in *Immigr. Ctr. for Women & Child. v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026) ("*ICWC*"). Filing 1 at 6-7, 26-32; filing 12 at 8-9. In addition to challenging his detention, he appears to be attempting to challenge his removal from the United States. *See* filing 1 at 12-27, 67-68, 73-74; filing 11 at 1-4; filing 12 at 3-7, 9, 49-54, 72-73. He asserts that his detention is preventing him from filing or substantiating a VAWA application. *See* filing 1 at 20-22, 32- 67-68; filing 11 at 5-6. He presents alleged

---

[1] The U.S. Attorney's office did yeoman's work in sorting through the petitioner's scattered claims, *see* filing 7 at 3, and the Court appreciates its efforts.

humanitarian reasons to withhold his removal from the United States. *See* filing 1 at 15-19, 48-51, 89-92; filing 12 at 10. And he devotes a great deal of attention to collaterally attacking, or at least trying to explain away, his lengthy criminal history. *See* filing 1 at 11-15, 34-37, 69-73; filing 12 at 4; *see generally* filing 1 at 86-88 (detailing petitioner's criminal history).

As the government correctly suggests, *see* filing 16, not all—or even most—of the petitioner's arguments are cognizable in habeas. But the Court will begin with the petitioner's core habeas claim.

## HABEAS CLAIM

The Court finds no basis to conclude that the petitioner's detention while his removal proceedings are pending is unlawful. It is important to note that the petitioner has not identified any legal status he possessed before his present detention, such as humanitarian parole, that might have conferred procedural protections governing the revocation of that status. *See, e.g.*, *Dhillon v. Mullin*, No. 8:26-CV-229, 2026 WL 1587371 (D. Neb. June 3, 2026). Rather, the petitioner was admitted to the United States under certain conditions (a valid visa) but those circumstances have changed since (he overstayed that visa). *See Zhang v. LaRose*, No. 26-CV-1299, 2026 WL 794202, at *1 (S.D. Cal. Mar. 20, 2026). The petitioner had no legal status that the government was obliged to provide a hearing on before revoking it.

And even if he did, the petitioner hasn't persuaded the Court that any of the issues he identified haven't been cured by the bond hearing that was held. The operative petition contains a series of allegations about the petitioner's personal characteristics and the circumstances of his detention, but the solution to all of that was a statutory bond hearing, which he received. *See Singh v. Sommer*, No. 7:26-CV-5013, 2026 WL 2042296 (D. Neb. July 15, 2026).

## VAWA CLAIMS

The petitioner's invocation of VAWA doesn't change that conclusion. To begin with, the Court questions whether the petitioner is a member of the plaintiff class in *ICWC*, which is limited to persons with *pending* U visa petitions, T visa petitions, or VAWA self-petitions. 351 F.R.D. at 396. The petitioner represents that he has appealed the denial of his petition, *see* filing 12 at 82-91, but whether that is "pending" for purposes of *ICWC* is unclear.

But more importantly, *ICWC* was about the government's alleged failure to comply with 8 U.S.C. § 1227(d)(1), which governs requests for administrative stays of removal by applicants, and the *ICWC* court held that § 1227(d)(1) requires a determination by the Secretary of Homeland Security regarding whether the underlying petition presents a *prima facie* case for approval before denying such a request. *See Flores v. Blanche*, No. CV 26-5446, 2026 WL 2069995, at *2 (D.N.J. July 17, 2026) (citing *ICWC*, 2026 WL 1455004, at *42). But here, the petitioner hasn't requested a stay of removal—which makes sense, because he's not yet subject to a final order of removal. *See id.*

Simply put, *ICWC* "does little to aid Petitioner's argument that his detention is unlawful." *See Ramos Ramirez v. Field Office Director*, No. 4:26-CV-1054, 2026 WL 2546059, at *8 (N.D. Ohio Aug. 28, 2026); *Orozco v. Raycraft*, No. 2:26-cv-11985, 2026 WL 2138181, at *7-8 (E.D. Mich. July 24, 2026); *see also Trinh v. Fannon*, No. 8:26-CV-369, 2026 WL 2475477, at *2 (D. Neb. Aug. 24, 2026); *Gael A. O. v. DHS/ICE Off. of Chief Couns.*, No. 18-CV-3269, 2019 WL 3325839, at *5 (D. Minn. May 13, 2019).

And even more fundamentally, the petitioner's repeated arguments about the conduct of USCIS in adjudicating his application don't belong in a habeas case. *See Trinh*, 2026 WL 2475477, at *17-18; *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020); *cf. Kruger v.*

*Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Rather, the vehicle for challenging an unfavorable decision on the petitioner's VAWA application is the one he's using: Appeal to the BIA, followed by whatever judicial review might be available for the BIA's decision.[2]

CONCLUSION

The petitioner's remaining arguments, to the extent the Court can discern them, do not establish that his detention is unlawful. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 14th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

[2] The Court finds no basis for relief in the petitioner's allegations that his detention is preventing him from successfully pursuing a VAWA application. The Court is aware of no authority suggesting that a writ of habeas corpus can be premised on facilitating other litigation, not to mention that the petitioner has counsel in his immigration proceedings who can help him pursue his claims. *See* filing 12 at 55-68